

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 32503667 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**Croom v. Western Connecticut State University
D.Conn.,2002.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Jeffrey L. CROOM, Plaintiff,
v.
WESTERN CONNECTICUT STATE
UNIVERSITY, Defendant.
No. Civ. 3:00CV1805(PCD).

March 20, 2002.

Jerry V. Leaphart, Jerry V. Leaphart & Associates, Danbury, CT, for Plaintiff.
Eleanor M. Mullen, Joseph A. Jordano, Attorney General's Office, Hartford, CT, for Defendant.

*RULING ON MOTION TO COMPEL*

DORSEY, J.
*1 Plaintiff moves pursuant to FED. R. CIV. P. 37(a) and D. CONN. L. CIV. R. 9(d) to compel responses to certain discovery requests. For the reasons set forth herein, the motion is granted in part.

I. BACKGROUND

Plaintiff is an African-American male employed by defendant from January 1992 through July 20, 1999 as Assistant Housing Director. He alleges that he was subjected to a pattern of racial discrimination while employed by defendant that ultimately caused him to resign from his position. Plaintiff alleges that defendant's conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*et seq.* and CONN. GEN.STAT. § 46a-60*et seq.*

II. DISCUSSION

Defendant moves to compel responses to three discovery requests. Plaintiff objects to the requests as irrelevant and burdensome.

A. Standard

The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."FED. R. CIV. P. 26(b)(1). However, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."*Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992); Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit."FED. R. CIV. P. 26(b)(2). An order compelling discovery may be tailored to the circumstances of the case. *See Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir.1996).

B. Analysis

Plaintiff moves to compel responses to three discovery requests. The first seeks the names of those holding the position of Assistant Housing Director at the locations at which he was employed between 1992 and 1999.[FN1] Plaintiff next seeks a list of defendant's employees receiving annual salaries of $40,000 to $55,000 per year, their position, the requirements of their position and whether they meet the qualifications of the position.[FN2] Finally plaintiff seeks copies of the personnel files for all individuals named in responses to interrogatories.[FN3]

> FN1. It is not apparent whether plaintiff seeks details as to those who have held his position as Assistant Director of Housing or instead seeks to establish a hierarchy of employees by asking for the superiors and subordinates of those in plaintiff's former position. Interrogatory 4 provides: "[s]tate the names of each person who held the same

Case 3:07-cv-00252-VLB   Document 27-4   Filed 02/15/08   Page 2 of 3

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2002 WL 32503667 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

job title and/or either the same pay grade or the next higher or the next lower pay grade as that held by plaintiff at each location where the plaintiff worked from January 1992 through and including the date plaintiff's employment with defendant was terminated; and ... [a]s to each person identified ... above, state whether such persons are currently employed be defendant, their location of employment, job title and pay grade or, if no longer employed by defendant, date their employment terminated and their last known address and telephone number."

FN2. Interrogatory 10 provides as follows: "List all employees of defendant from January 1992 to the present who had positions with salaries in the range of $40,000 to $55,000 and, as to such employees, state their job titles, requirements for their positions and whether or not plaintiff was qualified to hold such position based solely upon the qualifications he was known to have had in the time frame of 1992 through the date he left employment by defendant in or about July 1999."

FN3. Request for Production 2 provides as follows: "[p]lease provide a complete copy of the personnel files of each of the individuals listed in your response to Interrogatories 3,4,5,6,7,8 and 10, who are or were employees of defendant, as well as the personnel files for Jim King, Tracy Rubin, John Wallace and Ronnie Hendricks."

Defendant objected to the discovery requests as irrelevant and burdensome. Plaintiff does not respond to the specific objections nor does he explain how the material sought is relevant to the present claims. At a minimum, he must make a threshold showing that the material sought is relevant to his claims or is likely to lead to relevant, discoverable material. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Hofer*, 981 F.2d at 380;*see also Cason v. Builders FirstSource-Southeast Group, Inc.*, 159 F.Supp.2d 242, 247-48 (W.D.N.C.2001) (denying broad production requests for personnel files).

*2 Notwithstanding the absence of argument as to the relevance of the requests, plaintiff's first request for discovery, construed as seeking details as to those holding the same position as plaintiff between 1992 and 1999, is relevant on its face to plaintiff's claim that he was overqualified for his position. Defendant shall therefore respond to the interrogatory as defined and provide the respective details for its response if it has not done so at this time.[FN4] In contrast, the relevancy of the information sought through the second request is not apparent, thus the objection is sustained.

FN4. The motion to compel is dated January 3, 2002 and the objection is dated January 24, 2002. The motion was not filed with the court until March 8, 2002.

Plaintiff's third request for discovery is a blanket request for production of the personnel files of non-parties. The confidentiality issues associated with such a request renders an order compelling production imprudent in the absence of some showing that the information sought is relevant. *See Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D.Minn.1997); *Sidari v. Orleans County*, 180 F.R.D. 226, 232 (W.D.N.Y.1997) (denying motion to compel absent showing of specific need for information contained within personnel files); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D.Mass.1995) (same). Having failed to identify what information is sought from the personnel files and how the information is sought is relevant to his claims, the request for production appears to be little more than a fishing expedition. *See Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 561 (S.D.N.Y.1996). Defendant's objection to plaintiff's third request for discovery is sustained.

III. CONCLUSION

In light of the above, plaintiff's motion to compel (Doc. 69) is granted in part.

SO ORDERED.

D.Conn.,2002.
Croom v. Western Connecticut State University
Not Reported in F.Supp.2d, 2002 WL 32503667

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 32503667 (D.Conn.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

(D.Conn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.